UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

YANICK ST. CHARLES,

and all others similarly-situated
under 29 U.S.C. 216 (B),

    Plaintiff,

      vs.

INTERNATIONAL SECURITY GUARD SERVICES, INC.
FENEL LUXAMA AND WILMENE DORVIL;

    Defendants.

_____/

## PLAINTIFF's COMPLAINT UNDER 29 U.S.C. § 206 and 29 U.S.C. 201- 216

Plaintiff, YANICK ST. CHARLES, on behalf of herself and all others similarly situated under 29 U.S.C. 216(B), through the undersigned counsel, files her Complaint against Defendants, INTERNATIONAL SECURITY GUARD SERVICES, INC., FENEL LUXAMA AND WILMENE DORVIL, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff is and was resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant INTERNATIONAL SECURITY GUARD SERVICES, INC., (hereinafter "ISGS") is a Florida Corporation that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Company was the FLSA employer for Plaintiff's period of employment ("the relevant time period"). Defendant provides security services for the Miami-Dade County Public Schools among other entities.

4. The Individual Defendants FENEL LUXAMA AND WILMENE DORVIL, are officers and/or managers and/or owners and operators of the company known as INTERNATIONAL

SECURITY GUARD SERVICES, INC. Upon information and belief, these Defendants were FLSA employers for Plaintiff's period of employment ("the relevant time period"). These Defendants ran the day-to-day operations of the Company Defendant for the relevant time period and were responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiffs' work and schedule and were therefore Plaintiff's employer as defined by 29 U.S.C. 203(d).

5. All acts and/or omissions giving rise to this dispute took place in Miami-Dade County.

## STATEMENT OF FACTS

Plaintiff's Employment

6. Defendants owned and operated INTERNATIONAL SECURITY GUARD SERVICES, INC., a company providing security services, school and training, located at 99 NW 183 Street, UNIT 232-A, Miami Gardens, FL 33169. Plaintiff have worked for the above company, under the orders of FENEL LUXAMA AND WILMENE DORVIL.

7. Plaintiff St. Charles has been employed as a security guard providing services for the Miami-Dade County Public Schools for approximately nine years, under different contractors which usually obtain three-year contracts.   The last contractor was Haynes Security Services, Inc., which ended its contract at the end of March, 2024.

8. On April 1st, 2024, Defendant ISGS started providing security services for Miami-Dade County Public Schools.   ISGS obtained the information of the employees currently working and they were hired as a group.

9. Plaintiff St. Charles continued working in the same location and the same hours.

10. Defendant ISGS, gave Plaintiff St. Charles time sheets to be completed to report the hours worked.

11. Defendant ISGS, gave Plaintiff St. Charles one uniform to wear on duty.

12. Plaintiff St. Charles earns $14.00 per hour.

13. Ms. St. Charles worked the following hours:

      Week of April 1, 2024: 48 hours

      Week of April 8, 2024: 40 hours

      Week of April 15, 2024: 93 hours (7 days)

      Week of April 22, 2024: 40 hours

      Week of April 29, 2024: 56 hours

      Week of May 6, 2024: 56 hours

      Week of May 13, 2024: 40 hours

    Week of May 20, 2024: 40 hours

    Week of May 27, 2024: 48 hours so far (Monday through Wednesday)

    REGULAR HOURS: 360 x $14.00 = $5,040.00

    OVERTIME: 101 x $21.00 = $2,121.00

    TOTALWORKED: $7,161.00

    PAYMENT RECEIVED BY ZELLE: $850.00

    SALARY OWED AS OF THE FILING DATE: **$6,311.00**

<u>Wages and Hours</u>

14. Defendants did not provide Plaintiffs a meal break or any other break during the work day.

<u>Minimum Wage and Agreed Hourly Pay</u>

15. Both the FLSA: 29 U.S.C. § 206 ($7.25) and Florida Amendment 2 ($12.00) require that employees be paid a minimum wage.

16. The calculation found in paragraph 13 above, applies the agreed-upon rate of $14.00 per hour, but should be modified to $12.00 per hour for purposes of the minimum wage Count.

17. Plaintiff was only paid once in the amount of $850.00 in total, via Zelle after two months of work including six week days and overtime. Defendants failed to pay Plaintiffs at or above the minimum hourly wage required by federal and state law.

<u>Overtime</u>

18. Plaintiff St. Charles regularly worked over forty (40) hours per week while employed by Defendants.

19. Defendants never paid any overtime compensation to Plaintiffs for their work.

20. Defendants knowingly and willfully failed to pay Plaintiffs the overtime compensation required by both the FLSA and Florida Statutes.

**COUNT I. FEDERAL MINIMUM WAGE VIOLATION**

21. Plaintiff alleges and re-alleges the paragraphs above.

22. Defendants knowingly, willfully, and intentionally failed to compensate Plaintiff the applicable minimum hourly wage in violation of 29 U.S.C. § 206(a).

23. Defendant has only received $850.00 after working more than six days a week during two months.

24. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work (among other receiving trucks which unloaded Miami Dade County Public Schools' food originated in other states) for the

Defendants affected interstate commerce for the relevant time period. The Plaintiff work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

25. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

26. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2023.

27. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $500,000 for the year 2024. 23. Because of Defendants' willful violation of FLSA, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, pursuant to FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## COUNT II. FEDERAL OVERTIME WAGE VIOLATION

28. Plaintiff alleges and re-alleges paragraphs 1 through 20 above.

29. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid for overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back to April 1, 2024.

30. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

31. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

32.   Plaintiff was employed by Defendants as a security guard, and provided security services, training, teaching and tax preparation not only in Florida but engaging in interstate commerce performing non-exempt work, within the personal jurisdiction and venue of this Court.

33. Plaintiffs worked for Defendants as more specifically described above.

34. In the course of employment with Defendants, Plaintiff regularly worked overtime hours (hours worked in excess of 40 per workweek, referred to herein as "overtime hours") and was not paid overtime compensation at an overtime rate of time and one-half of the regular rate of pay (the "overtime rate") for all of the overtime hours worked, among other violations of the FLSA.

35. This cause of action is brought by Plaintiff to recover from Defendants unpaid wages, overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Title 29 U.S.C.§ 216 (b) on behalf of Plaintiff.

36. During the Employment, Plaintiff worked an overtime as described in paragraph 13 above.   Plaintiff is owed unpaid salaries under the agreed rate of $14.00 per hour, in the alternative unpaid salaries at the Florida Minimum wage and overtime.

37. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work (among other receiving trucks which unloaded Miami Dade County Public Schools' food originated in other states) for the Defendants affected interstate commerce for the relevant time period. The Plaintiff work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

38. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

39. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2023.

40. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $500,000 for the year 2024.

41. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these

wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

42. Defendants were paid by the Miami-Dade County Public Schools for the security services they provided, but refuse to pay the employees.

**WHEREFORE**, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all regular wages, overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

## COUNT III. BREACH OF CONTRACT

43. Plaintiff alleges and re-alleges paragraphs 1 through 20 above.

44. Plaintiff and Defendants agreed to a $14.00 per hour compensation, which was the same compensation paid by the prior contractor.

45. Plaintiff commenced work and performed under the agreement.

46. Defendants have failed to pay the wages at the agree-upon rate and the overtime at time and one-half.

47. Defendants breach is material.

48. As a result of Defendants breach, Plaintiff and other similarly situated individuals have suffered damages in an amount to be determined at trial.

**WHEREFORE,** the Plaintiff respectfully requests damages in an amount to be determined at trial from Defendants, jointly and severally, for all regular wages, overtime wages still owing from Plaintiff's entire employment period with Defendants at the agreed rate, double/liquidated damages, and any other relief that this Court finds reasonable under the circumstances.

*The Plaintiff requests a trial by jury.*

Respectfully submitted,

/s/ *Claudio R. Cedrez Pellegrino*

_____
Claudio R. Cedrez Pellegrino, Esq.
Bar No. 43521
Attorney for Plaintiffs
11098 Biscayne Blvd.
Suite 100A
Miami, Florida 33161

Telephone 305/763-8678  
Facsimile: 786 664-6596  
eservice@cedrezlaw.com