# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-22063-KMM

YANICK ST. CHARLES, *et al.*,

      Plaintiffs,

v.

INTERNATIONAL SECURITY GUARD SERVICES, INC., *et al.*,

      Defendants.

_____/

## <u>OMNIBUS ORDER</u>

THIS CAUSE came before the Court upon Plaintiffs Yanick St. Charles, Alecsandre Gabriel, Bradeley Isidore, Jean Atis, Jocelyne Jennings, Ronald Francis, Pablo Westbrooks, and Nevada Washington's (collectively, "Moving Plaintiffs") Amended Motion for Default Final Judgment Against Defendant International Security Guard Services, Inc. (ECF No. 72) ("DJ Mot." or "DJ Motion"). Defendant International Security Guard Services, Inc. ("ISG") filed its Response and Motion to Set Aside Clerk's Default and Memorandum in Opposition to Plaintiffs' Amended Motion for Entry of Default Judgment. (ECF No. 78) ("Motion to Set Aside Default"). Moving Plaintiffs filed their Reply in support of the DJ Motion. (ECF No. 80) ("DJ Reply"). The Court referred the DJ Motion to Magistrate Judge Marty Fulgueira Elfenbein "to take all necessary and proper action as required by law and/or to issue a Report and Recommendation." (ECF No. 74). Magistrate Judge Elfenbein issued her Report and Recommendation, recommending that Moving Plaintiffs' DJ Motion be granted in part and denied in part, and that ISG's Motion to Set Aside Default be denied. (ECF No. 83) ("R&R"). ISG filed its Objections to the R&R. (ECF No. 87) ("Obj."). This motion is now ripe for review.

Also before the Court is Defendants Fenel Luxama and Wilmene Dorvil's (together, "Individual Defendants" and with ISG, "Defendants") Motion to Dismiss Amended Complaint.  (ECF No. 79) ("MTD" or "Motion to Dismiss").  Plaintiffs[1] filed a Response in opposition ("MTD Resp." or "MTD Response") (ECF No. 81), and Individual Defendants filed a Reply in support ("MTD Reply") (ECF No. 82).  This motion is also ripe for review.

As set forth below, the DJ Motion is GRANTED IN PART and DENIED IN PART, the Motion to Dismiss is DENIED, and Magistrate Judge Elfenbein's R&R is ADOPTED.

## I.    BACKGROUND[2]

This case concerns allegations that Defendants underpaid regular and overtime wages to Plaintiffs, a group of security guards for the Miami-Dade County Public Schools.  *See generally* Am. Compl.  ISG started providing security services for Miami-Dade County Public Schools on April 1, 2024.  *Id.* ¶ 8.  Defendants hired Plaintiffs, who were each already employed as security guards for Miami-Dade County Public Schools under different contractors.  *Id.* ¶ 7.

Plaintiffs allege that Defendants did not provide them with any breaks during the work day.  *Id.* ¶ 12.  Plaintiffs allege that they regularly worked over forty hours per week while employed by Defendants, and allege that Defendants never paid them any overtime

---

[1] The MTD Response does not indicate whether it is filed by all Plaintiffs or just Moving Plaintiffs. *See generally* MTD Resp.  Accordingly, the Court assumes that every plaintiff named in the amended complaint is signed onto the MTD Response.  This includes all Moving Plaintiffs, as well as Bernice M. Louijeun and Everton Gray.

[2] The brief factual background is taken from the Amended Complaint ("Amended Complaint" or "Am. Compl.") (ECF No. 48) and the facts are accepted as true, for the purpose of the Motion to Dismiss, and as admitted, for the purpose of the DJ Motion.  *MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co.*, 40 F.4th 1295, 1302 (11th Cir. 2022); *see also Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (citation omitted).

compensation for their work.  *Id.* ¶¶ 16–17.  Plaintiffs also allege they were underpaid in regular wages, and that their agreed-upon rate was $14 per hour.  *See id.* ¶¶ 14, 41–50.  In the Amended Complaint, Plaintiffs detail at length the extent to which they allege to be underpaid in regular wages and overtime hours, while accounting for partial payment and liquidated damages.  *Id.* ¶¶ 41–50.

The instant case's procedural history is winding, and detailed at length in the R&R. R&R at 2–4.  The Court nevertheless provides a brief summary here, as is most relevant to resolving the instant motions.  Plaintiffs filed their Amended Complaint on November 1, 2024.  *See generally* Am. Compl.  Therein, they allege the following: federal minimum wage violations under 29 U.S.C. § 206(a) ("Count I"); federal overtime wage violations under 29 U.S.C. § 216(b) ("Count II"); and breach of contract ("Count III").  *Id.* ¶¶ 19–40, 51–56.

Following an unsuccessful motion for default judgment, Plaintiffs moved for leave to effect alternative service through Florida's Secretary of State.  (ECF Nos. 49–50, 55). The Court allowed Plaintiffs to effect service in this manner, and relied on Plaintiffs' assertion that their "process server made six attempts to serve the Defendants" but failed, as Defendants were "likely avoiding service of process."  (ECF No. 56).  Defendants received the Summonses and Amended Complaint on February 10 and 11, 2025.  (ECF Nos. 63–64).

On March 6, 2025, Plaintiffs moved for entry of clerk's default as to ISG, and the Clerk of Court entered default the next day.  (ECF Nos. 67–68).  On March 11, 2025, this Court directed Plaintiffs to file a motion for default judgment within 20 days.  (ECF No. 69).  ISG's attorney filed a notice of appearance the next day, although he did not file

anything else on ISG's behalf until April 3, 2025. (ECF Nos. 71, 73). Moving Plaintiffs filed their DJ Motion against ISG on April 3, 2025. *See generally* DJ Mot. ISG filed its Motion to Set Aside Default, which also serves to respond to Moving Plaintiffs' DJ Motion, on April 16, 2025. *See generally* Motion to Set Aside Default.

Meanwhile, Individual Defendants' counsel, who is the same as ISG's counsel, appeared on March 12, 2025, for them as well. (ECF No. 71). Individual Defendants filed their Motion to Dismiss on April 23, 2025. *See generally* MTD. Therein, they argue the Amended Complaint should be dismissed because Plaintiffs did not sufficiently allege that Defendants are covered by the Fair Labor Standards Act ("FLSA"), and that Count III should be dismissed as the Court should decline to exercise supplemental jurisdiction over the state law claim once the federal claims have been dismissed. *See generally id.*

Now before the Court is the Motion to Dismiss, as well as Magistrate Judge Elfenbein's R&R, which addresses only the DJ Motion. *See generally* R&R.

## II.    LEGAL STANDARD

### A.  Report and Recommendation

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant de novo review. *Id.*

Yet when a party has failed to object or has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

### B.  Motion to Dismiss

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8(a)(2) "is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (internal citation and quotation marks omitted).

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint for failing to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).  This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and alterations omitted).  The court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

A complaint must contain enough facts to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007). A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III.   DISCUSSION

The Court will first review Magistrate Judge Elfenbein's R&R and ISG's Objections thereto, before next analyzing the Motion to Dismiss.

### A.  The Court adopts Magistrate Judge Elfenbein's R&R

In her R&R, Magistrate Judge Elfenbein first recommends denying ISG's Motion to Set Aside Default. R&R at 9–12. As for the DJ Motion, Magistrate Judge Elfenbein recommends granting default judgment on Count I for each of Moving Plaintiffs. *Id.* at 13–17. She recommends granting default judgment on Count II for all Moving Plaintiffs, other than Westbrooks, Isidore, and Atis. *Id.* at 18–19. Magistrate Judge Elfenbein also recommends ordering Moving Plaintiffs to file supplemental affidavits that will help the Court determine damages. *Id.* at 19–22. She next recommends that the Court find Moving Plaintiffs are entitled to liquidated damages, but that it needs more on the record to compute these damages. *Id.* at 22–25. She additionally recommends finding Plaintiffs are entitled to attorney's fees and costs. *Id.* at 25–28. Magistrate Judge Elfenbein also recommends finding Moving Plaintiffs are entitled to default judgment as to Count III. *Id.* at 29. Finally, she recommends this Court order Moving Plaintiffs to include a statement electing recovery under *either* Count I or Count III. *Id.* at 29–31. ISG filed its Objections to the R&R, wherein ISG objects to Magistrate Judge Elfenbein's finding that ISG did not

establish good cause to set aside the Clerk's entry of default.  *See generally* Obj.  Further, ISG argues that Moving Plaintiffs have received partial payments that are considerably higher than what is claimed in the Amended Complaint.  *Id.* at 5–6.  The Court will analyze each of Magistrate Judge Elfenbein's findings in turn, assessing ISG's objections where relevant.

### i.      Motion to Set Aside Default

Magistrate Judge Elfenbein recommends rejecting ISG's Motion to Set Aside Default.  R&R at 9–12.  Federal Rule of Civil Procedure 55(c) states that an entry of default may be set aside for "good cause."  Fed. R. Civ. P. 55(c).  In evaluating good cause, courts consider whether the defendant was culpable or willful in defaulting; whether setting aside that default would prejudice the plaintiffs; and whether the defaulting party presents a meritorious defense that it may argue, should the case proceed on the merits.  *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (indicating these factors are not "talismanic" (internal quotations and citations omitted)).

Magistrate Judge Elfenbein finds that ISG failed to address why the Court should actually set aside the default, sufficient reason in and of itself to find ISG forfeited the issue.  R&R at 9–10 ("Other than the title of the Motion to Set Aside, [ISG] fails to make any reference to setting aside the Clerk's default, let alone any arguments or case law supporting such a decision or how [ISG] satisfies the good cause requirement of Rule 55(c).").  Magistrate Judge Elfenbein does not end her analysis there, however, going on to find that no good cause exists to set aside the default, as the record shows ISG failed to act promptly and failed to identify any plausible defense to Plaintiffs' claims.  *Id.* at 10.  She notes that ISG had actual notice of the Amended Complaint as early as February 28,

2025, but still failed to respond, appear, or seek an extension from the Court before the Clerk entered default. *Id.* Even when ISG's attorney finally appeared on March 12, 2025, Magistrate Judge Elfenbein finds that he too delayed, only filing the Motion to Set Aside Default on April 16, 2025, two months after ISG was served with the Amended Complaint and more than five weeks after entry of default. *Id.* at 10–11. She finds that ISG failed to explain this delay. *Id.* at 11.

She further finds that ISG did not identify any meritorious defenses to the Amended Complaint, even while acknowledging this standard is significantly lower in the context of setting aside a default than in the context of vacating a default judgment. *Id.* at 11–12. Instead, Magistrate Judge Elfenbein finds that ISG attacks the sufficiency of the Amended Complaint while failing to "provide any contrary allegations suggesting that coverage under the FLSA cannot apply to it." *Id.* Therefore, and despite the policy preference for determining cases on the merits, Magistrate Judge Elfenbein recommends that the Motion to Set Aside Default be denied. *Id.*

This Court finds Magistrate Judge Elfenbein's analysis to be exceptionally compelling. Even reviewing *de novo*, given ISG's Objections, the Court adopts Magistrate Judge Elfenbein's recommendation and finds that denial of ISG's Motion to Set Aside Default is warranted, as ISG both failed to include a single meritorious defense it would raise and failed to make a case that there is good cause to set aside the default, especially given ISG's neglect in responding to the Amended Complaint until two months after it had been served.

ISG's Objections serve as a renewed motion to set aside default. *See generally* Obj. ISG argues that this Court should set aside the default because the default was not culpable

or willful, because ISG has meritorious defenses, because Plaintiffs will not be prejudiced if the Court sets aside the default, and because public policy favors setting aside the default. *Id.* at 10–14.  In arguing that the default was not willful, ISG argues that it resulted from "Plaintiffs moving swiftly for a clerk's default even when advised by the *pro se* Defendant that they would be responding to the lawsuit," after ISG found a lawyer.  *Id.* at 12.  ISG further argues that the delay in moving to set aside the default after it retained an attorney "was just one month" and this time "was needed to organize the corporate documents and analyze them after retrieving them and organizing and scanning them."  *Id.*

Despite ISG's best efforts to justify its delays, the Court finds that ISG is culpable for its default.  Although it is true that ISG told Plaintiffs it needed more time, such requests are not self-executing, particularly when they lack any detail.  More importantly, ISG's culpable conduct is arguably at its most inexcusable *after* it retained an attorney.  ISG delayed for an additional month before moving to set aside default.  *See* (ECF Nos. 71, 78). While ISG argues it needed this time to prepare a response, it was incumbent on ISG to at least move for an extension of time, or otherwise indicate it planned to become a player in this litigation, before more than a full month passed.  Instead, it did not act until responding to Moving Plaintiffs' DJ Motion.  *See* Motion to Set Aside Default.  This delay was not the result of ISG preparing a particularly compelling motion; the Motion to Set Aside Default that ISG filed on April 16, 2025, was not compelling and did not build a case for setting aside default.  Rather, this delay (more than a month after an attorney appeared, and more than two months after ISG was served) shows ISG had little, if any, regard for the Court's deadlines.  Therefore, the Court finds that ISG's default evidences "reckless disregard for the judicial proceedings, [so] the [C]ourt need make no other findings in denying relief."

*Compania Interamericana*, 88 F.3d at 951–52; *see also id.* at 951 (explaining that courts may consider "whether the defaulting party acted promptly to correct the default").  As such, ISG's renewed motion to set aside default is denied, and ISG's objections are overruled.

### ii.    Default judgment as to Counts I and II

Magistrate Judge Elfenbein next evaluates Counts I and II of the Amended Complaint.  As she notes, the proper standard when evaluating a complaint for default judgment is to confirm that the well-pleaded facts state plausible claims for relief.  R&R at 12; *see also Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1383 (11th Cir. 2024) (noting that defaulted defendants have "forfeit[ed] the ability to contest the truth of facts asserted").  Moving Plaintiffs seek relief under the FLSA for Counts I and II.  *See* Am. Compl. ¶¶ 19–40.  Magistrate Judge Elfenbein notes that FLSA claims, whether they be for minimum wage or overtime pay, require a plaintiff to demonstrate that "(1) defendant employed them; (2) plaintiff's work and/or defendant's enterprise engaged in interstate commerce covered by the FLSA; and (3) plaintiff worked hours for which defendant did not pay the required minimum wages and/or overtime wages to them."  R&R at 13 (citations omitted).

Magistrate Judge Elfenbein finds that Plaintiffs have alleged an employment relationship between themselves and ISG, as they alleged they worked for ISG as security guards beginning April 1, 2024.  *Id.* at 14.  She finds they sufficiently detailed the existence of this relationship to meet element one of an FLSA claim.  *Id.*  Magistrate Judge Elfenbein also finds that Plaintiffs have sufficiently alleged both individual and enterprise coverage under the FLSA.  *Id.*  Plaintiffs have established the FLSA covers them because "their work for Defendants involved receiving trucks that carried and delivered food originating in

other states." *Id.* at 15.  Magistrate Judge Elfenbein finds that allegations of such work, which Plaintiffs allege was at least "closely related to the movement of commerce," are sufficient to allege the interstate commerce requirement of individual and enterprise coverage under the FLSA. *Id.* (quoting Am. Compl ¶ 22).  Further, she notes that Plaintiffs alleged Defendants employed at least two employees that "handled goods or materials moving in commerce and that annual gross sales exceeded $500,000 in 2023 and are expected to exceed $500,000 in 2024." *Id.*  This, she finds, is sufficient to plausibly allege enterprise coverage under the FLSA. *Id.*  Magistrate Judge Elfenbein finds that Plaintiffs have sufficiently alleged FLSA coverage. *Id.*

As for Count I, Magistrate Judge Elfenbein finds that the FLSA does not authorize recovery of unpaid regular wages at the employee's regular rate, as employees are entitled only to the statutory federal minimum wage ($7.25) for regular hours worked. *Id.* at 16 (citations omitted).  She notes Plaintiffs alleged they regularly worked more than forty hours per week without being paid either the statutory minimum wage or the required time-and-a-half rate for the hours above forty. *Id.*  Further, she finds Plaintiffs alleged specific regular and overtime hours worked and asserted that ISG failed to pay at least some portion of those wages, "instead making only partial, lump-sum payments that did not fully compensate their work." *Id.* at 16–17.  Therefore, Magistrate Judge Elfenbein finds that the Amended Complaint states a plausible claim that ISG failed to pay at least the federal minimum wage of $7.25 per hour, as required by the FLSA. *Id.* at 17.  As such, she recommends entering default judgment as to Count I for each of Moving Plaintiffs. *Id.*

As for Count II, Magistrate Judge Elfenbein notes all Moving Plaintiffs except three (Westbrooks, Isidore, and Atis) claim to have worked unpaid overtime hours. *Id.* at 18.

11

Because Westbrooks, Isidore, and Atis did not allege that they worked overtime hours when including their individual claims in the Amended Complaint, Magistrate Judge Elfenbein recommends denying default judgment as to each of them for Count II. *Id.* The remaining Moving Plaintiffs, however, did allege that they worked unpaid overtime hours, and that ISG owes them time-and-a-half their regular rate of $14 per hour for those hours. *Id.* Therefore, Magistrate Judge Elfenbein recommends entering default judgment as to Count II for the remaining Moving Plaintiffs. *Id.* at 18–19.

Although ISG objects to Magistrate Judge Elfenbein's recommendations, its objections are in substance all to her aforementioned recommendation that this Court deny the Motion to Set Aside Default. *See generally* Obj. Accordingly, this Court reviews Magistrate Judge Elfenbein's findings as to Counts I and II for clear error. *Keaton*, 2015 WL 12780912, at *1. This Court finds no clear error in Magistrate Judge Elfenbein's findings and therefore adopts her recommendation to enter default judgment as to Count I for all Moving Plaintiffs, and as to Count II for each of Moving Plaintiffs other than Bradeley Isidore, Jean Atis, and Pablo Westbrooks.[3]

### iii.    Default judgment as to Count III

Magistrate Judge Elfenbein also recommends that default judgment be entered as to Count III. Under Florida law, a breach of contract plaintiff must plead the existence of a contract, a material breach of that contract, and damages. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). Here, Magistrate Judge Elfenbein notes that Plaintiffs alleged there was an agreement between them and Defendants where Plaintiffs were to be paid $14 an hour by Defendants to perform work for the Defendants. R&R at

---

[3] The Court also agrees with Magistrate Judge Elfenbein's recommendation not to deny the DJ Motion for failure to confer or for being filed a few days late. R&R at 17 n.6.

28–29.  Further, Plaintiffs alleged that Defendants then did not pay those agreed-upon wages, nor did they pay the overtime rates at time and one-half.  *Id.* at 29.  Magistrate Judge Elfenbein finds that these allegations show that a contract for employment at $14 per hour existed, that ISG materially breached that contract by failing to pay Plaintiffs, and that Plaintiffs were damaged by this breach in that they were not compensated.  *Id.* Accordingly, Magistrate Judge Elfenbein recommends that this Court enter default judgment as to Count III for Moving Plaintiffs.  *Id.*

ISG did not object to any of Magistrate Judge Elfenbein's findings as to default judgment for Count III.  *See generally* Obj.  Therefore, the Court reviews her findings only for clear error.  *Keaton*, 2015 WL 12780912, at *1.  The Court finds no clear error in Magistrate Judge Elfenbein's findings and therefore adopts her recommendation to enter default judgment as to Count III for each of Moving Plaintiffs.

### iv.  Damages under Counts I–III

Magistrate Judge Elfenbein recommends the Court order Moving Plaintiffs provide supplemental affidavits before it can enter a specific sum of damages that they will be awarded.  R&R at 32–33.  As a preliminary matter, Magistrate Judge Elfenbein finds that the operative wage for calculating damages as to each of Moving Plaintiffs is $14 per hour, despite the DJ Motion listing a different rate for St. Charles and the Amended Complaint listing a different rate for Francis and Gabriel.  *See* R&R at 17 n.5, 18 n.7.

She notes that under Counts I and II, Moving Plaintiffs have provided enough information to decide liability, but not to determine the amount of damages under the FLSA.  *Id.* at 20.  Magistrate Judge Elfenbein states the tables Plaintiffs have provided thus far have two major problems that must be remedied: first, they calculate damages using each Plaintiff's agreed-to hourly rate, when the FLSA's regular wage provisions allow for

recovery at the minimum wage of $7.25 per hour; and second, they do not allege when exactly Defendants made partial payments, which is problematic because timing of payments is critical under the FLSA. *Id.* at 20–21 (citations omitted). Therefore, to calculate damages under the FLSA, Magistrate Judge Elfenbein recommends this Court order Moving Plaintiffs to file supplemental affidavits (the "Supplemental Affidavits") with the missing information. *Id.* at 22.

As for damages under Count III, Magistrate Judge Elfenbein notes first that Plaintiffs have pursued two alternative theories when it comes to recovery for their non-overtime hours: Count I and Count III. *Id.* at 29. Although plaintiffs are allowed to pursue alternative theories of liability under federal procedure, Magistrate Judge Elfenbein finds that an election must finally be made at the remedies stage. *Id.* at 29–30. Here, Count I and Count III both address that Moving Plaintiffs were unpaid in regular wages, but Moving Plaintiffs "may obtain one full recovery of their regular wages." *Id.* at 31. Magistrate Judge Elfenbein notes the difference:  under Count I, Moving Plaintiffs may recover for regular wages up to the statutory minimum, plus an equal amount of liquidated damages, whereas under Count III, they may recover at the contractual $14 per hour rate. *Id.* Therefore, she recommends this Court order Moving Plaintiffs to include an election of remedies in the Supplemental Affidavits. *Id.*

As for liquidated damages, Magistrate Judge Elfenbein finds that Moving Plaintiffs are entitled to liquidated damages under the FLSA that are equal to each of their damages under Counts I and II. *Id.* She finds that through its default, ISG has admitted to its violations of the FLSA being willful. *Id.* Because of this admission, she finds that liquidated damages are required, and so Moving Plaintiffs are entitled to liquidated

damages "on whatever sum is ultimately determined to be unpaid FLSA wages." *Id.* (internal quotations and citations omitted).  Such liquidated damages apply only to "true FLSA shortfalls," not to any unpaid regular times wages that are above the federal minimum wage or to any breach of contract damages. *Id.*  Therefore, Magistrate Judge Elfenbein notes that liquidated damages cannot be computed given the current record, and that the Court may determine liquidated damages upon the submission of the Supplemental Affidavits. *Id.* at 24–25.

Finally, Magistrate Judge Elfenbein recommends awarding Moving Plaintiffs $9,954.00 in attorney's fees and costs, if they elect to proceed with damages under the FLSA. *Id.* at 33.  Magistrate Judge Elfenbein reaches this number by assessing Plaintiffs' counsel's hourly rate of $400 to be reasonable given his extensive experience, the amount of plaintiffs, and the several rounds of pleading the litigation entailed. *Id.* at 27.  Further, she finds that Plaintiffs' counsel's accounting of 22.0 hours is reasonable, and finds that there is "no indication of excessive duplication or unnecessary work." *Id.* at 28.  Magistrate Judge Elfenbein also finds that there is no basis in this case to adjust the lodestar in any direction. *Id.*  Therefore, she recommends finding that Plaintiffs are entitled $8,800 in attorney's fees, plus $1,154 in costs that Plaintiffs' counsel forwarded (and that are adequately documented and recoverable). *Id.*  Because these fees and costs are recoverable under the FLSA, should Moving Plaintiffs elect remedies under Count III, the amount of fees and costs could change to reflect only the work Plaintiffs' counsel did as to Count II. *See id.* at 33.

The Court finds no clear error[4] in Magistrate Judge Elfenbein's findings as to damages, and therefore adopts her recommendation to order Plaintiffs to provide Supplemental Affidavits, as detailed further in the Conclusion *infra*, which will aid in calculating damages and awarding attorney's fees and costs.

In sum, the Court adopts Magistrate Judge Elfenbein's R&R and denies both of ISG's motions to set aside the clerk's default, including the one within its Objections to the R&R.

### B.  The Court Denies Individual Defendants' Motion to Dismiss

Next before the Court is Individual Defendants' Motion to Dismiss. Therein, Individual Defendants seek to dismiss Plaintiff's Amended Complaint, arguing that Plaintiffs failed to sufficiently allege FLSA coverage, necessitating the dismissal of Counts I and II for failure to state a claim.  MTD at 2–4.  Further, Individual Defendants argue that the Court should dismiss Count III, as it is a state law claim brought under the Court's pendent jurisdiction, so it should be dismissed once the Court dismisses the associated federal claims.  *Id.* at 5.  Plaintiffs argue that the MTD should be denied because Individual Defendants rely on precedent in the summary judgment and judgment as a matter of law contexts to attempt to justify dismissal.  MTD Resp. at 4–5.  Further, Plaintiffs argue that

---

[4] The Court reviews Magistrate Judge Elfenbein's findings for clear error, because ISG did not properly object to them.  *Keaton*, 2015 WL 12780912, at *1.  Although ISG's objections include different calculations of damages than did the DJ Motion or the Amended Complaint, the Court finds these objections are not to the manner in which Magistrate Judge Elfenbein recommends damages be calculated.  In any case, the Court encourages ISG to wait for Moving Plaintiffs' forthcoming Supplemental Affidavits, which will include more complete and up-to-date calculations of damages, including any subsequent payments ISG has made to Moving Plaintiffs. Further, the Court reminds ISG that the FLSA considers not just how much employees are paid, but also whether they are paid on time.  *Martin v. United States*, 117 Fed. Cl. 611, 617–18 (2014).

their allegations of FLSA coverage are detailed and not conclusory formulaic recitations, so the Amended Complaint should survive dismissal.  *Id.* at 5.[5]

The Court finds that Plaintiffs have sufficiently plead FLSA coverage, and that the Motion to Dismiss should thus be denied.  Plaintiffs are covered by the FLSA where they sufficiently plead either individual or enterprise coverage.  *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (citation omitted).  An employee is subject to individual coverage where an employee is engaged in commerce, meaning the employee is "directly participating in the actual movement of persons or things in interstate commerce," including by "regularly using the instrumentalities of interstate commerce in his work."  *Id.* at 1315–16 (citations omitted).  As for enterprise coverage, this occurs where an employee is "employed in an enterprise engaged in commerce or in the production of goods for commerce."  29 U.S.C. § 207(a)(1).  An enterprise is generally covered where its employees engage in interstate commerce/handle goods that moved in interstate commerce, *and* where the enterprise's annual gross sales or business is at least $500,000.  *Josendis*, 662 F.3d at 1299 (citing 29 U.S.C. § 203(s)(1)(A)(i)–(ii)).

Individual Defendants argue Plaintiffs have not adequately plead either form of FLSA coverage, as the Amended Complaint makes only "conclusory allegations."  MTD at 3.  Specifically, Individual Defendants argue that the Amended Complaint is missing

---

[5] Plaintiffs also argue that the Motion to Dismiss should be denied because of insufficient conferral on the part of Individual Defendants.  Resp. at 2–3.  However, the Local Rules requiring conferral have a specific carve out for motions to dismiss. S.D. Fla. L.R. 7.1(a)(3) ("Prior to filing any motion in a civil case, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . counsel for the movant shall confer[.]").  Therefore, this argument is unambiguously unavailing.  The Court implores Plaintiffs' counsel to exercise greater caution before making representations to the Court, and directs all Parties to read the local rules more carefully.

allegations regarding the goods or materials that Plaintiffs handled that had moved through interstate commerce; what it meant to receive truckloads of food; and how the Plaintiff security guards prepared taxes, train and teach in their capacity as security guards. *Id.* at 4.

The Court finds that Plaintiffs did sufficiently plead FLSA coverage.  In fact, the Amended Complaint has many non-conclusory allegations speaking to FLSA coverage. For example, Plaintiffs allege that their work involved receiving trucks that unloaded food, originating in other states, for the Miami Dade County Public Schools.  Am. Compl. ¶ 22. This work, Plaintiffs allege, was at least "closely related to the movement of commerce." *Id.*  The Court finds these allegations are sufficient to plead individual coverage under the FLSA, as they at least make it plausible that Plaintiffs were "directly participating in the actual movement of [the food] in interstate commerce," or at least "regularly using the instrumentalities of interstate commerce in [their] work."  *See Josendis*, 662 F.3d at 1315–16; *see also Dimingo v. Midnight Xpress, Inc.*, 325 F. Supp. 3d 1299, 1310 (S.D. Fla. 2018) (holding at summary judgment that security guard was covered by FLSA where his job involved guarding trucks that were instrumentalities of interstate commerce).  The Court acknowledges that further fact development may reveal that Plaintiffs' individual work is of a local nature, involving local trucks and local schools, that does not qualify them for FLSA individual coverage.  However, at the motion to dismiss stage, the Court finds Plaintiffs have plausibly plead individual FLSA coverage.

Further, the Court finds that Plaintiffs have sufficiently alleged enterprise coverage. As mentioned, Plaintiffs allege Defendants had them engaging in work that is "closely related to the movement of commerce."  Am. Compl.  ¶ 22.  They allege that Defendants

regularly had their employees "handl[ing] goods or materials that travelled through interstate commerce, or us[ing] instrumentalities of interstate commerce." *Id.* ¶ 23. Taken together, these allegations satisfy the prong of enterprise coverage relating to the enterprise's employees engaging in interstate commerce/handling goods that moved in interstate commerce. *Josendis*, 662 F.3d at 1299 (citing 29 U.S.C. § 203(s)(1)(A)(i)). Further, Plaintiffs allege upon information and belief that ISG's gross sales or business exceeded $500,000 in 2023 and were expected to do the same in 2024. Am. Compl. ¶¶ 24–25; *see also Belik v. Carlson Travel Group, Inc.*, 864 F. Supp. 2d 1302, 1311 (S.D. Fla. 2011) ("Pleading on information in belief is still permissible where, as here, the facts are 'peculiarly within the possession and control of the defendant.'" (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010))). The Court finds these allegations meet the second prong of enterprise coverage under *Josendis*. 662 F.3d at 1299. Therefore, the Court finds Plaintiffs have plausibly alleged both forms of FLSA coverage in their Amended Complaint. Accordingly, the Motion to Dismiss is denied as to Counts I and II. As the Motion to Dismiss's only argument pertaining to Count III is that it is a state law claim that should be dismissed when the Court dismisses Counts I and II, the Court also denies the Motion to Dismiss as to Count III. *See* MTD at 5.

## IV.   CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion to Dismiss, the DJ Motion, the R&R, the pertinent portions of the record, and being otherwise advised in the premises, it is hereby ORDERED AND ADJUDGED that:

1.   Magistrate Judge Elfenbein's R&R (ECF No. 83) is ADOPTED;

2.   ISG's Motions to Set Aside Default at (ECF Nos. 78, 87) are DENIED;

19

3.  The Moving Plaintiffs' Default Judgment Motion (ECF No. 72) is GRANTED IN PART and DENIED IN PART;

4.  The Individual Defendants' Motion to Dismiss (ECF No. 79) is DENIED;

5.  Plaintiffs and Individual Defendants are DIRECTED to file a joint status report within twenty days of entry of this Order, indicating whether they plan to proceed with the remainder of this case in light of this Order;

6.  Default judgment is ENTERED for all of the Moving Plaintiffs as to Count I, and against ISG;

7.  Default judgment is ENTERED as to Count II in favor of St. Charles, Francis, Gabriel, Washington, and Jennings, and against ISG;

8.  Default judgment is DENIED as to Count II for Westbrooks, Isidore, and Atis;

9.  Default judgment is ENTERED as to Count III for all of the Moving Plaintiffs and against ISG;

10. Bernice M. Louijeun and Everton Gray are ORDERED TO SHOW CAUSE within ten days of entry of this Order as to why their cases should not be dismissed for failure to prosecute; and

11. The Court takes UNDER ADVISEMENT the request for any specific amount of damages.  To aid the determination of damages, the Moving Plaintiffs shall file a motion with the Court that includes the information detailed below, within ten days of entry of this Order.  Such motion shall be REFERRED to Magistrate Judge Marty Fulgueira Elfenbein to take all necessary and proper action as required by law and/or to issue a Report

and Recommendation, pursuant to 28 U.S.C. § 636 and the Magistrate

Rules of the Local Rules of the Southern District of Florida.

a.  Moving Plaintiffs shall file a notice of election of remedies between Count I and Count III;

b.  Moving Plaintiffs shall file Supplemental Affidavits detailing: (1) the pay periods in which they earned their regular and overtime wages; (2) the dates, amounts, and pay periods to which Defendants' partial payments were applied; and (3) any designation by Defendants as to whether those payments were intended to cover regular time, overtime, or both;

c.  Moving Plaintiffs shall file a short memorandum explaining the legal basis for their proposed allocation of Defendants' partial payment as: (1) either on time with regularly scheduled payment or unreasonably delayed; and (2) being applied first to the contract claim for regular wages or the FLSA claim for overtime wages. This memorandum should include how that allocation avoids double recovery while honoring the FLSA's requirement that "unpaid" wages be calculated as the difference between what the statute requires and what the employer actually paid; and

d.  Moving Plaintiffs shall include an assessment of attorney's fees and costs in their forthcoming motion.  Should they elect FLSA remedies, they shall include the $9,954.00 figure approved in this Order.  Should they elect remedies under Count III, their counsel

shall provide an updated accounting of his hours, reflecting only

his work on Count II.

DONE AND ORDERED in Chambers at Miami, Florida, this ___24th___ day of February,

2026.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record